UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Alexandra R., by and through her
Parents and Next Best Friends,
Catherine Burke and Mikael Rolfhamre,
    Plaintiffs

   v.                                        Civil No. 06-cv-215-SM
                                                 Opinion No. 2007 DNH 107
Brookline School District,
    Defendant

**O R D E R**

Alexandra R. ("Sasha"), through her parents, brings this civil action against the Brookline School District, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. According to the complaint, in October of 2005, Sasha's parents requested an administrative due process hearing and sought an order declaring that the School District failed to provide Sasha with a free and appropriate public education ("FAPE") for the 2003-2004 and 2004-2005 academic years. See Complaint, Exhibit 1, "Parents' Pre-Hearing Conference Statement" at 33. They appeal an administrative decision by the New Hampshire Department of Education dismissing that request for a hearing. Pending before the court are two motions to dismiss filed by the School District. Those motions are denied.

In its first motion to dismiss, the School District asserts that Sasha's parents, neither of whom is an attorney, cannot represent her interests in this proceeding or advance any legal claims that belong exclusively to her.  Although both the Court of Appeals for the First Circuit and the Supreme Court have been presented with this issue (i.e., whether pro se parents can represent their minor children in IDEA proceedings), neither has resolved it.  See Winkelman v. Parma City Sch. Dist., 127 S.Ct. 1994 (2007); Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247 (1st Cir. 2003).  Nor need this court.

As the Supreme Court has made clear, the rights and interests of parents and their children under the IDEA are co-extensive.  Winkelman, 127 S.Ct. at 2004 ("IDEA does not differentiate . . . between the rights accorded to children and the rights accorded to parents.").  Consequently, even if Sasha's parents cannot, strictly speaking, represent her in pursuing her IDEA claims against the School District, they may pursue their own identical claims, in their own right.  The fair and equitable resolution to the problem pointed out by the School District's motion to dismiss is, then, simply to recognize that Sasha's parents are effectively proceeding on their own behalf and pursuing their own co-extensive rights under the IDEA.

Accordingly, they will be substituted as plaintiffs in this case. See, e.g., Maroni, 346 F.3d at 259 (remanding the case and directing the district court to afford the child's parents an opportunity to amend the complaint to name themselves as plaintiffs).

In its second motion to dismiss, the School District asserts that plaintiffs' claims are barred by the statute of limitations. Interestingly, however, the School District does not suggest that the pending action is untimely. Instead, invoking the provision of the IDEA requiring parents to request a due process hearing "within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint," 20 U.S.C. § 1415(f)(3)(C), the School District says plaintiffs were precluded from pursuing any claims (at the due process hearing) that arose before October of 2003. In other words, the School District asserts that some of the claims plaintiffs allegedly sought to advance at the due process hearing – claims they were not able to present – were untimely.

Given that the School District's pending motion is one to dismiss, and in light of the governing standard of review, it is impossible to say with any degree of confidence whether the

School District is correct.  For example, there might well be a factual question as to when Sasha's parents "knew or should have known" that the School District (allegedly) failed to provide Sasha with a FAPE.  To the extent the School District is implicitly asserting that the administrative hearings officer properly dismissed plaintiffs' request for a due process hearing on statute of limitations grounds, that issue is plainly at the core of this case and cannot be resolved absent a thorough examination of the record.

In short, the assertion upon which the School District moves to dismiss plaintiffs' complaint is one that cannot be assessed in the context of a motion to dismiss.  The same is true with regard to the School District's assertions regarding waiver and res judicata.  If the School District thinks that plaintiffs' claims are precluded for one or more of those reasons, a properly supported motion for summary judgment or, since this an appeal from an administrative decision under IDEA, a decision memorandum, see Local Rule 9.3(e), would better frame and present the issue.

4

**Conclusion**

For the foregoing reasons, defendant's motions to dismiss (documents no. 14 and 15) are denied.  Because Sasha's parents are actual parties in interest (and might well be barred from representing Sasha in this proceeding), and because their rights under the IDEA are co-extensive with Sasha's, the court shall substitute them as plaintiffs in this case, without the need for further motions practice.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 6, 2007

cc:   Catherine E. Burke, pro se
      Mikael L. Rolfhamre, pro se
      Dean B. Eggert, Esq.