```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW HAMPSHIRE
```

Alexandra R. by and through
her parents and next best
friends, Catherine Burke and
Mikael Rolfhamre

    v.                           Civil No. 06-cv-0215-JL
                                     Opinion No. 2009 DNH 136

Brookline School District

**MEMORANDUM ORDER**

This appeal involves the authority of the New Hampshire Department of Education to dismiss a due process hearing request without conducting an oral evidentiary hearing.[1] The parents of a disabled child requested a due process hearing to determine whether the Brookline School District denied their daughter of a free, appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400-85 ("IDEA"). The hearing officer dismissed the parents' complaint, concluding that their request for due process: (1) was untimely, although filed within the applicable statute of limitations; and (2) failed to allege facts supporting their IDEA claim. The parents appealed that decision to this court.

---

[1] Catherine Burke and Mikael Rolfhamre brought this appeal on behalf of their daughter, Alexandra R. ("Sasha").

The court has jurisdiction over this appeal under 28 U.S.C. § 1331 (federal question) and 20 U.S.C. § 1415(i)(IDEA). The court remands the matter to the New Hampshire Department of Education for the required due process hearing. The Department of Education's dismissal of the case was not authorized by law, because the parents' due process request was timely filed, and its sufficiency was not objected to within the 15-day deadline imposed by IDEA.

I.   **APPLICABLE LEGAL STANDARD**

The court's role in reviewing the hearing officer's decision is "one of involved oversight." See Lenn v. Portland Sch. Comm., 998 F.2d 1083, 1087 (1st Cir. 1993). The applicable standard is an intermediate one under which the court exercises independent judgment, but at the same time "falls somewhere between the highly deferential clear-error standard and the non-deferential de novo standard." Lessard v. Wilton Lyndeborough Coop. Sch. Dist., 518 F.3d 18, 24 (1st Cir. 2008). Purely legal questions arising under the IDEA, however, are reviewed de novo. See Manchester Sch. Dist. v. Crisman, 306 F.3d 1, 9 (1st Cir. 2002). The party challenging the hearing officer's decision bears the burden of proving that the decision is wrong. See Schaffer v.

Weast, 546 U.S. 49, 51 (2005). To carry that burden, the moving party must do more than simply point to the existence of procedural irregularities. See Roland M. v. Concord Sch. Comm., 910 F.2d 983, 991 (1st Cir. 1990).

## II.  BACKGROUND

Sasha is a student with disabilities as defined by the IDEA. In the spring of the 2002-2003 school year, the Brookline School District placed her at Mont Blanc Academy,[2] a private school in Hooksett, New Hampshire, and developed an individualized education plan ("IEP") to guide her education through the end of the upcoming summer. Sasha's parents agreed to the placement at Mont Blanc and the proposed IEP.

Prior to the start of the 2003-2004 school year, Sasha's IEP expired. When the school district did not develop or offer an IEP for the coming school year, her parents filed a complaint with the Commissioner of the New Hampshire Department of Education ("NHDOE"), seeking compensatory education for special education services that Sasha was denied in prior years.

---

[2] Prior to enrolling at Mont Blanc, Sasha alternated between public and private schools in New Hampshire and Maryland.

3

Following an extensive investigation, the Commissioner found that the bulk of their complaint was unsubstantiated and did not order the requested relief.[3]

For the 2004-2005 school year, Sasha attended RSEC Academy, a private school in Amherst. Despite the change in her educational setting, the parents' relationship with the school district continued to deteriorate. Soon after the end of the school year, Sasha's parents moved to another school district.

On October 31, 2005, the parents requested a due process hearing before the NHDOE, seeking declaratory judgment that the school district failed to provide a FAPE to Sasha during the 2003-2004 and 2004-2005 school years and compensatory education for desired special education services.[4] In response, the school district filed six motions to dismiss:

---

[3] The Commissioner substantiated only two of the parents' 13 allegations. The remaining claims were ruled unsubstantiated, including claims that the school district failed to include the parents in the development of Sasha's academic programming and failed to properly develop and implement her IEP.

[4] The parents submitted their due process request using the model form provided by the NHDOE, accompanied by a 16-page document setting forth factual allegations and a list of issues they sought to have determined by the hearing officer.

- Its first motion argued that (1) all claims relating to the 2003-2004 school year were barred by res judicata based on the NHDOE Commissioner's adjudication of the parents' earlier complaint;[5] (2) all claims for relief based on events occurring prior to October 31, 2003 were barred by the IDEA's two-year statute of limitations; and (3) all claims raised in the complaint were barred by the doctrine of "waiver by delay."

- The second asserted that the claim for compensatory education failed to include factual allegations supporting their claim that Sasha was denied a FAPE in 2003-2004 and 2004-2005.

- The third motion requested dismissal of the complaint to the extent that it alleged a violation of the Federal Educational Rights and Privacy Act or involved allegations pertaining to a DCYF report filed by Mont Blanc staff in 2004, arguing that claims relating to FERPA and the DCYF report were outside of the hearing officer's jurisdiction.

- The fourth argued for dismissal of so much of the complaint brought under Section 504 of the Americans with Disabilities Act (ADA) as outside of the hearing officer's jurisdiction.

- The fifth motion sought dismissal of the parents' claim that Mont Blanc's teachers were uncertified in special education, claiming that the IDEA does not require such certification.

- The sixth argued that the parents' waived their right to compensatory education by failing to request such services during the development of Sasha's IEP.

---

[5] The earlier complaint, filed at the start of the 2003-2004 school year, see supra, only addressed educational issues through September 30, 2003, the date the complaint was filed.

Without conducting an evidentiary hearing, the hearing officer granted the school district's first, second, fourth,[6] and sixth motions to dismiss. The hearing officer granted the first motion to dismiss under the "waiver by delay" doctrine invoked by the school district. The hearing officer also granted the second and sixth motions, finding that the parents failed to allege facts supporting their claim that Sasha was denied a FAPE.[7] Notably, the hearing officer's order did not address the central issue raised in the request for due process: whether the school district offered Sasha a FAPE in 2003-2004 and 2004-2005.

## III. **ANALYSIS**

The IDEA requires state educational agencies to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education." 20 U.S.C. § 1415(a); see generally, 20 U.S.C. § 1415; N.H. Code R. Ed. 1123. Among the procedural safeguards

---

[6] The hearing officer found that the parents' objection had conceded the argument raised in the fourth motion.

[7] The hearing officer's order does not address the school district's third and fifth motions to dismiss.

6

the NHDOE is required to offer parents is "an opportunity to present complaints with respect to any matter relating to . . . the provision of a free appropriate public education" to their disabled child.  20 U.S.C. § 1415(b)(6); accord N.H. Code R. Ed. 1121.01.  When such a complaint is filed, the IDEA unambiguously states that "the parents involved in such complaint <u>shall have an opportunity for an impartial due process hearing, which shall be conducted</u> by the State educational agency."  20 U.S.C. § 1415(f)(1) (emphasis added); accord N.H. Code R. Ed. 1123.02(f) and 1123.17.[8]  Further, the IDEA requires the assigned hearing officer to deem a due process hearing request "sufficient" unless the party opposing the hearing request files an objection to the complaint within 15 days.  See 34 C.F.R. § 300.508(d); ("due process complaint required by this section must be deemed sufficient unless the party receiving the due process complaint notifies the hearing officer . . . , within 15 days of receipt of the due process complaint, that the receiving party believes the

---

[8] State and federal law also establish safeguards that apply to due process hearings, including "the right to present evidence and confront, cross-examine and compel the attendance of witnesses."  20 U.S.C. § 1415(h)(2); accord N.H. Code R. Ed. 1123.17(c)(2).

7

due process complaint" is insufficiently pled). Accord N.H. Code R. Ed. 1123.02(b).

Here, the hearing officer dismissed the parents' hearing request on two grounds: (1) timeliness; and (2) failure to allege sufficient facts supporting their claims.

### A. Timeliness

The hearing officer found that the parents' claims accrued within the IDEA's two-year statute of limitations. See 20 U.S.C. § 1415(f)(3); N.H. R.S.A. 186-C:16-b, I. She nevertheless dismissed the hearing request after concluding that the parents "waived their right to challenge the appropriateness of Sasha's program during the 2003-2004 and 2004-2005 school years" by failing to request a due process hearing in a timely manner. The court is persuaded by neither the hearing officer's logic nor the footnote from the case cited by the school district in support thereof, Carlisle Area School v. Scott P., 62 F.3d 520, 536 n.8 (3d Cir. 1995).[9] Sasha's parents filed their hearing request

---

[9] In Carlisle Area School, the parents of a disabled child did not object to an IEP at the time it was offered. The Third Circuit Court of Appeals concluded that while the parents' failure to object did not waive their right to challenge the IEP, it "casts significant doubt on their contention that the IEP was legally inappropriate since it suggests that the parents were

8

within the limitations period and there is no evidence to suggest that they delayed in objecting to the appropriateness of the IEPs proposed by the school district in the prior years.  To the contrary, the record in this case demonstrates that throughout the 2003-2004 and 2004-2005 school years, her parents were actively involved in the development of her IEPs and repeatedly objected to the content of her educational programming.

**B.   Failure to allege sufficient facts**

The hearing officer also dismissed the parents' hearing request on the ground that it failed to allege sufficient facts supporting their claims.  But as the Supreme Court noted in Schaffer, the IDEA's due process hearing requirements impose "minimal pleading standards" on the parties.  546 U.S. at 54.

> [T]he statute does not specify that all facts relating to the parents' dissatisfaction must be spelled out in the notice, much less that every legal theory must be set forth in painstaking detail at that time to avoid waiver.  Such a burdensome, unwieldy standard would far exceed that to which federal court plaintiffs are held, and seems antithetical to the more nimble, less rule-intensive character of administrative proceedings.

---

also unaware prospectively that the 1991-92 IEP was unlikely to confer educational benefit."  62 F.3d at 536 n.8.

9

Escambia County Bd. of Educ. v. Benton, 406 F. Supp. 2d 1248, 1259-60 (S.D. Ala. 2005).

Sasha's parents filed a formal request for due process on the model form the school district provided to them. See N.H. Code R. Ed. 1123.04(a) (requiring the NHDOE to "make available to parents . . . a model form that may be used to initiate a written request for an administrative due process hearing."). They filled in the required portions of the form and attached a detailed, 16-page account of the factual allegations underlying their IDEA claim. See 20 U.S.C. § 1415(b)(7)(B) (requiring due process hearing request to include only: (1) the name and address of the child; (2) the name of the school the child is attending; (3) a "description of the nature of the problem of the child . . . including facts relating to the problem"; and (4) a "proposed resolution of the problem"); accord N.H. Code R. Ed. 1123.04 (b). For example, the parents claim that Sasha attended an unapproved program at Mont Blanc, began the 2003-2004 school year without an IEP in effect, was educated by teachers that had not been certified in special education, and was not offered IEPs reasonably calculated to provide her with a FAPE during any portion of the 2003-2004 and 2004-2005 years.

Further, there is no evidence that the school district contested the sufficiency of the parents' due process hearing complaint until it filed its first round of motions to dismiss on January 12, 2006, over two months after the parents filed their hearing request. Under the IDEA, the hearing officer should have deemed the hearing request sufficient not only because the factual allegations in the parents' complaint complied with the IDEA's "minimal pleading standards," but also because the school district did not contest the sufficiency of the complaint within the 15-day window it was afforded to do so. See 34 C.F.R. 300.508(d); N.H. Code R. Ed. 1123.02(b).

### IV. CONCLUSION

For the foregoing reasons, the court finds that the NHDOE hearing officer impermissibly dismissed the parents' due process hearing request without conducting an oral evidentiary hearing; the parents alleged specific facts supporting their claim for compensatory education, and their hearing request was filed well within the applicable statute of limitations. This matter is therefore remanded for further proceedings before the New Hampshire Department of Education to determine whether Sasha was offered a FAPE in 2003-2004 and 2004-2005.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 10, 2009

cc: Catherine Burke, pro se
    Mikael Rolfhamre, pro se
    Dean B. Eggert, Esq.

12